IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA | : : : : : : | CIVIL ACTION NO. |
| Plaintiff, | : : | 1:12-CV-4400-RWS |
| v. | : : | |
| BROOK BEDARD SIDES, CASEY R. SIDES, MICHELLE T. SMITH as Guardian Ad Litem for COLLIN QUIN SIDES, and TAYLOR BROOKE SIDES, and JANE DOE as Administrator of the ESTATE OF CHRISTOPHER N. SIDES, Deceased | : : : : : : : : : | |
| Defendants. | : | |

**ORDER**

This interpleader action comes before the Court for resolution of Defendant Brooke Sides Motion to Dismiss the Complaint [10]and Motion to Dismiss Cross-Claim of Casey R. Sides [13]. After reviewing the record and the parties' briefs, the Court enters the following Order.

## Background

Unum Life Insurance Company of America ("Unum") initiated this interpleader action seeking judicial determination of the proper disposition of life insurance proceeds accruing in connection with the death of Christopher Neil Sides (the "Insured").  It identified as potential claimants to such sums Brooke Sides, as the Insured's then current wife, Casey Sides, as the parent of the Taylor and Collin Sides, the minor children of the Insured and Casey Sides, and the decedent's estate, represented here by Jane Doe.  In its Complaint, Unum seeks an order to place the life insurance benefits at issue into the registry of the Court, and require the claimant beneficiaries to assert any claim to the insurance proceeds.  (See Complaint [1].)

The facts underlying the claimants' competing assertions of entitlement to the life insurance proceeds are largely undisputed.  The Insured purchased a life insurance policy (the "Policy") from United Distributors, Inc. in 1998.  He named his then wife, Casey Sides, as the primary beneficiary. In 2007, the Insured and Casey Sides separated.  As part of the divorce Settlement Agreement, the Insured agreed to maintain $250,000 of life insurance naming his minor children as beneficiaries with Casey Sides as trustee.  In 2010, the

Insured executed a change of beneficiary form, and named his current wife, Brooke Sides, as the primary beneficiary under the Policy. There were no further changes made to the Policy. The Insured died of cardiac arrest in August 2012. Since the Insured's death, Brooke Sides, Casey Sides, and Michelle Smith, as the Guardian Ad Litem of the minor children, have asserted their entitlement to the life insurance proceeds.

Unum Life Insurance filed this interpleader action on December 20, 2012, as a disinterested stakeholder given the potentially conflicting claims to the Insured's benefits. Unum asserts that it is in great doubt as to which defendant(s) is/are entitled to be paid the plan benefits payable as a result of the death of the Insured. (Complaint at ¶ 22.) As such, Unum seeks to place into the Court's registry the total amount payable under the Insured's policy, as well as, request an order from the Court requiring the competing parties to assert any claims to the proceeds. Defendant Brooke Beard subsequently filed a Motion to Dismiss the Complaint [10] and a Motion to Dismiss Defendant Casey Sides' Cross-Claim [13]. For the reasons discussed herein, both Motions to Dismiss are denied.

3

**Discussion**

**I.     Legal Standard**

Interpleader is an equitable remedy designed to protect disinterested stakeholders from being exposed to multiple suits over a single liability and to bring all the adverse claimants into one court so that the court can equitably adjudicate the claims of all adverse claimants. Libby, McNeil, & Libby v. City Nat'l Bank, 592 F.2d 504, 509 (9th Cir. 1978); United States v. Sentinel Fire Ins. Co., 178 F.2d 217, 225 (5th Cir. 1950);[1] Espat v. Espat, 56 F. Supp. 2d 1377, 1383 (M.D. Fla. 1999). Federal courts may discharge interpleader plaintiffs from further liability. 28 U.S.C. § 2361 (2003). However, interpleader plaintiffs seeking dismissal must show that they have satisfied the requirements of 28 U.S.C. § 1335. Mendez v. Teachers Ins. & Annuity Ass'n & Coll. Ret. Equities Fund, 982 F.2d 783, 788 (2d Cir. 1992). Thus, "[t]here must be a fund greater than $500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a disinterested stakeholder" before an interpleader plaintiff may be discharged from the action. Id. Even if an interpleader

---

[1] The United States Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (1981) (en banc).

plaintiff meets the § 1335 requirements, however, a court has the discretion not to discharge a plaintiff "if there are serious accusations that the stakeholder commenced the action in bad faith." Id. (internal quotations omitted)(ancillary jurisdiction over "cross-claim" of ex-wife respecting payment of benefits from insured's employer-sponsored personal savings plan).

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1.  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.   Motion to Dismiss Complaint

Defendant Brooke Sides has moved to dismiss Unum's Complaint for failure to state a claim. (ECF No. [10].)  In support of the requested dismissal, Brooke Sides contends that there is no legitimate basis for uncertainty as to the distribution of the Insured's life insurance benefits.  Brooke Sides argues that Unum has failed to state an interpleader claim because the facts and applicable law demonstrate clearly that Brooke Sides is entitled to the life insurance proceeds.  Brooke Sides states that the Insured had a valid properly executed beneficiary designation form on file with Unum which unequivocally names Brooke Sides as the beneficiary. (ECF No. [11] at 9.)  According to Brooke

6

Sides, such facts make it clear that neither Casey Sides nor the minor children can assert a claim for constructive trust or otherwise against Unum. Citing ERISA's pre-exemption statute, Brook Sides argues that the Insured's 2010 modified plan creates certainty by specifying payments under the policy and her designation as the beneficiary. Any competing claims to the insurance proceeds lack foundation in law and therefore are not colorable. As such, Brooke Sides contends that the Court should dismiss Unum's interpleader Complaint.

Plaintiff Unum and Defendant Casey Sides each filed timely responses to Defendant Brooke Sides' Motion to Dismiss [15 and 16]. In their responses, the parties argue that the interpleader action is proper since the facts of the case give rise to competing claims for the life insurance proceeds. Further, the parties contend that there is no evidence that Unum has acted with bad faith in initiating the interpleader action.

The essential requirement for rule interpleader is that the stakeholder "is or may be exposed to double or multiple liability." Fed.R.Civ.P. 22. An interpleader action is appropriate where the plaintiff has demonstrated that it has or may be subject to adverse claims on the same fund. An action in interpleader proceeds in two stages. At the first stage, the Court determines

7

whether interpleader is proper. <u>Fidelity Brokerage Servs. v. Bank of China</u>, 192 F.Supp.2d 173, 178 (S.D.N.Y.2002).  Plaintiff need not demonstrate formal adverse claims or the merits of the claims. The merits are not evaluated until the second stage. <u>Id</u>; <u>Ohio Nat. Life Assur. Corp. v. Langkau</u>, 2006 WL 3162354, *2 (M.D.Fla. Nov. 2, 2006). This matter is currently before this Court at the first stage. "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it." <u>Dunbar v.. United States,</u> 502 F.2d 506, 511 (5th Cir.1974).

 Upon review, the Court finds the interpleader action is proper in that Unum has demonstrated potential exposure to competing claims to the Insured's life insurance proceeds. The undisputed facts demonstrate that the Insured entered into a 2007 divorce settlement agreement which included an obligation to provide a $250,000 life insurance benefit for his children.  Subsequently, the Insured modified and maintained plan life insurance documents naming Brooke Sides as the beneficiary to the proceeds.  The facts of this case closely parallel the facts found in <u>Reeves v. Reeves</u>, 223 S.E.2d 112 (Ga. 1976).  In <u>Reeves</u>, the Georgia Supreme Court was called upon to determine the proper disposition of life insurance proceeds deposited into the court's registry by an insurance

8

company.  The insured had entered into a settlement agreement with his former spouse, incorporated in the divorce decree dissolving their marriage, pursuant to which he agreed to name his minor children as beneficiaries under certain life insurance policies.  223 S.E.2d 113-14.  The insured, however, neglected to make the required change.  Id. at 114.  Rather, sometime after his divorce from his former spouse, he remarried and named his new wife as the primary beneficiary under the life insurance policies.  Id.  Upon the insured's death, his widow claimed entitlement to the insurance proceeds under the change of beneficiary designation, arguing that the insurance policies at issue gave the insured a contractual right to modify or change the named beneficiaries thereunder.  Id.  The trial court rejected this position, and the Georgia Supreme Court affirmed, holding that upon entry of the divorce decree, the insured's children gained a vested interest in the life insurance proceeds.  Id. at 114-15.

Here, a determination on the merits of each competing claim is premature at this time.  Rather, the Court finds that Unum has met its burden of demonstrating that it is a disinterested stakeholder and potentially subject to adverse claims.  Accordingly, Defendant Brooke Sides' Motion to Dismiss the Complaint is **DENIED**.

AO 72A
(Rev.8/82)

### III.  Motion to Dismiss Cross-Claim

Defendant Brooke Sides has also filed a Motion to Dismiss Defendant Casey Sides's Cross-Claim. (ECF No. [13].)  In the cross-claim, Casey Sides argues that the Insured violated their 2007 divorce settlement by modifying his life insurance plan to designate Defendant Brooke Sides as beneficiary in 2010.  Defendant Casey Sides contends that the Insured agreed to maintain their minor children as beneficiaries to a life insurance plan in the amount of $250,00.  Accordingly, Defendant Casey Sides, as guardian and next friend for minor children Collin and Taylor Sides, seeks the imposition of a constructive trust on the Insured's life insurance proceeds, as well as, the Insured's retirement/ 401k accounts up to the amount of $250,000. (ECF No. [5] pp. 9-11.)  Upon information and belief, the proceeds from the Insured's retirement/ 401k account have already been distributed to Defendant Brooke Sides in the amount between $50,000 and $100,000.  Accordingly, Defendant Casey Sides seeks a constructive trust on any previously distributed monies and further distribution from the insurance benefits.

Defendant Brooke Sides argues that this Court should dismiss the cross-claim for lack of jurisdiction.  First, Brooke Sides states, and this Court agrees,

10

that there is no original jurisdiction over the cross-claim since the parties lack diversity.  Next, Brooke Sides contends that supplemental jurisdiction is also lacking because the cross-claim is not part of the same case or controversy as the original claim giving rise to the cause of action. (ECF No. [13] p. 7.)  In support, Brooke Sides first points to her Motion to Dismiss the interpleader action, arguing that upon dismissal of the Complaint, the cross-claim must be dismissed.  As this Court has denied Brooke Sides' Motion to Dismiss the Complaint, this first argument necessarily fails. Next, Brooke Sides argues that this Court should decline supplemental jurisdiction since the cross-claim issues involve novel or complex issues of state law and are outside the transaction or occurrence of the original interpleader action. (ECF No. [13] p. 10.)  Finally, Brooke Sides contends that even if this Court finds jurisdiction proper, the cross-claim lacks any merit because the life insurance policy designates Brooke as the sole beneficiary. (Id.). Again, this Court finds that the parties have sufficiently demonstrated competing claims such that this basis for dismissal is denied.

     Accordingly, the remaining issue before this Court is whether supplemental jurisdiction is proper over Defendant Casey Sides' cross claim

11

AO 72A
(Rev.8/82)

seeking a constructive trust over proceeds from the life insurance policy and retirement accounts.  The Court's task, then, is to determine whether the cross-claim satisfies Rule 13(g)'s same "transaction or occurrence" requirement, supplying the "tight nexus" with the underlying interpleader action necessary to sustain the exercise of supplemental jurisdiction.  See Allstate Ins. Co. v. James, 779 F.2d 1536, 1538-39 (11th Cir. 1986) (recognizing that, while ancillary jurisdiction exists over Rule 13(g) cross-claims, "[t]he mere filing of a claim denominated as a cross-claim does not settle the issue whether the claim is actually ancillary[,]" and thus, within the court's ancillary subject-matter jurisdiction); see also Mollfulleda v. Phillips, 882 F. Supp. 698, 700-01 (N.D. Ill. 1994) (refusing to exercise jurisdiction over ostensible "cross-claim" that did not "arise out of the 'transaction or occurrence' that [was] the subject matter of the . . . lawsuit"); Weiss v. Advest, Inc., 607 F. Supp. 799, 802-03 (E.D. Pa. 1984) (holding likewise).  After its review of pertinent authorities, the Court has little difficulty concluding that such a requirement is satisfied in this case as to the life insurance policy.  Clearly, the dispute concerning the distribution of the life insurance benefits is directly related to the interpleader action which seeks to determine the rightful beneficiary of the proceeds.  Accordingly, this Court

finds supplemental jurisdiction over Defendant Casey Sides' claim seeking a constructive trust over the life insurance benefits.

However, this Court finds that it lacks jurisdiction over the cross-claim as to the retirement/ 401k accounts brought by Casey Sides.  This lawsuit is one to determine the proper disposition of life insurance proceeds.  Resolution of the Defendant Casey Sides' claim pertaining to improper distribution of the retirement accounts implicates no legal or factual question that has any bearing on such disposition.  Nor would the Court's determination of that issue in any way affect any future disbursement of the sums to be placed in the registry of the Court.  While the Court recognizes that the claim stems from monies allocated in the same divorce settlement agreement at issue, the existence and distribution of the retirement account is wholly unrelated to the insurance policy which is the subject of the interpleader action.  Indeed, aside from Casey Sides' claim that the Insured agreed to set aside funds for their minor children, the two controversies share nothing in common.  This highly attenuated relationship between Unum's interpleader action and the cross-claim to the retirement account simply fails to provide the Court with subject-matter jurisdiction over the latter dispute.  See, e.g., Travelers Ins. Co. v. First Nat'l Bank, 675 F.2d

13

633, 637-40 (5th Cir. 1982) (in interpleader action respecting proper disposition of life insurance proceeds, court lacked ancillary jurisdiction to determine "cross-claim" seeking declaration that decedent's sweeping "change of beneficiary" designations, executed power of attorney, and will were invalid); Cherokee Ins. Co. v. Koenenn, 536 F.2d 585, 588-89 (5th Cir. 1976) (in interpleader action to determine proper disposition of property insurance proceeds following fire at insured restaurant, court lacked ancillary jurisdiction over purchaser's claim to cancel promissory note due to seller's failure to transfer alcoholic beverage licenses).  As such, Defendant Casey Sides' cross-claim is dismissed to the extent it seeks a constrictive trust over any retirement accounts.

## Conclusion

Accordingly, Defendant Brooke Sides' Motion to Dismiss the Complaint [10] is **DENIED**.  Defendant Brooke Sides' Motion to Dismiss the Cross-Claim of Casey Sides [13] is **GRANTED in part and DENIED in part**.  The cross-claim asserted by Defendant Casey Sides seeking a constructive trust over distributions from the Insured's retirement or 401k account is **DISMISSED**.

Initial Disclosures shall be filed within 14 days of the entry of this Order, and the discovery period shall commence August 1, 2013.

**SO ORDERED** this  18th  day of July, 2013.

*[signature]*

**RICHARD W. STORY**
United States District Judge