IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-4400-RWS |
| BROOKE BEDARD SIDES; CASEY R. SIDES; MICHELLE T. SMITH as Guardian Ad Litem for COLLIN QUIN SIDES and TAYLOR BROOKE SIDES; and JANE DOE as Administrator of the Estate of Christopher N. Sides, Deceased, | : : : : : : : : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This interpleader action is before the Court on Defendant Brooke Sides' Motion for Judgment on the Pleadings [36]. After considering the record, the Court enters the following Order.

## **Background**

The pertinent facts in this case are largely undisputed and are set out in this Court's Order entered on July 18, 2013 [23].

## Discussion

### I.  Legal Standard - Judgment on the Pleadings

Under Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  Palmer & Cay, Inc. v. Marsh & McLennan Co.s, Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citation omitted).  "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party."  Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008).  A court may grant the motion "only if the non-movant can prove no set of facts which would allow it to prevail."  Palmer & Cay, 404 F.3d at 1303 (quotations and citation omitted).

### II.  Analysis

Defendant Brooke Sides moves for judgment on the pleadings on Defendant Casey Sides' cross-claim ([5] at 10-12 of 14) seeking to impose a

2

constructive trust on the proceeds of the Unum life insurance policy ("Policy").[1] First, Brooke Sides argues that Casey Sides' cross-claim should be dismissed because imposition of a constructive trust is a remedy and she failed to plead an actual cause of action. (Brooke Sides Br., [36-1] at 8-10 of 26.) However, the Court agrees with Casey Sides that this argument places form over substance. Casey Sides has alleged that Brooke Sides engaged in improper conduct related to the Policy and that Brooke Sides will be unjustly enriched if she is allowed to keep the Policy proceeds. (Casey Sides Resp., [39] at 14-15 of 27.) As Brooke Sides admits, a constructive trust is an equitable remedy to prevent unjust enrichment. (Brooke Sides Br., [36-1] at 8 of 26.)

Brooke Sides contends that even if Casey Sides has stated a claim against her, a constructive trust for the Policy proceeds is improper for multiple reasons: (1) an insured has a right to change the beneficiary of a life insurance

---

[1] The Court is aware of Defendant Casey Sides' objection to this motion on grounds that the Court already denied Defendant Brooke Sides' Motion to Dismiss this cross-claim. However, the Court is not aware of any rule prohibiting Defendant Brooke Sides from filing both motions, particularly at this early stage in the litigation. Further, the Court's Order on the Motion to Dismiss [23] focused on the issues of interpleader and supplemental jurisdiction, and does not contain a discussion of the arguments and authorities presented in the current motion such that a second Order would be a duplication of effort or inconsistent with the prior Order.

3

policy, (2) constructive trusts apply only to specifically identified policies of life insurance, and (3) the cross-claim is barred by res judicata.  (See generally, Brooke Sides Br., [36-1].)  The Court agrees with Brooke Sides that imposition of a constructive trust is not a proper remedy in this case.

Section 5(b) of the Settlement Agreement between Casey Sides and Christopher Sides, the deceased, reads: "Each party *shall maintain life insurance on his or her life in an amount not less than $250,000, naming the children as beneficiaries and the other parent as trustee*.  Said policies shall be maintained for so long as child support is due under this Agreement. . . ." (Emphasis added).  The Settlement Agreement was incorporated into and made part of Casey and Christopher Sides' Final Judgment and Divorce Decree ("Divorce Decree").  Brooke Sides acknowledges that Christopher Sides failed to maintain a $250,000 life insurance policy naming his children as beneficiaries.  While that fact may give rise to a claim against Christopher's estate for breach of contract, she argues, it does not follow that a constructive trust may be imposed on *these* Policy proceeds.

For Casey Sides' purposes, what is missing from the Divorce Decree language is identification of a *specific* life insurance policy in existence at the

4

time of her divorce.  Compare with Reeves v. Reeves, 223 S.E.2d 112 (Ga. 1976) ("The husband shall also continue to maintain in full force and effect *the life insurance policies upon his life now in effect . . .*") (emphasis added); Curtis v. Curtis, 255 S.E.2d 693 (Ga. 1979) (father and mother agree to list children as beneficiaries "on all *life insurance policies they have in effect and force at the time* of the execution of this instrument, *including [specific named policies] . . .*") (emphasis added); Larson v. Larson, 173 S.E.2d 700 (Ga. 1970) ("Husband shall . . . keep in force at least $15,000.00 face value of life insurance on his own life and pursuant thereto *shall keep in force and pay the premiums . . . on Certificate No. 11, Group Policy G-3274 with the Union Central Life Insurance Company of Cincinnati, Ohio, and shall make the wife the irrevocable beneficiary of at least $15,000.00 under said policy . . .*") (emphasis added); Sparks v. Jackson, 658 S.E.2d 456 (Ga. Ct. App. 2008) ("Husband agrees to maintain *his current level of life insurance* on his life *through his employment which at the present time is $220,000.00*, with Wife being named as the irrevocable beneficiary for the benefit of the children . . .") (emphasis added); Zobrist v. Bennison, 486 S.E.2d 815 (Ga. 1997) (divorce decree required husband to designate his children as beneficiaries of two life insurance policies

5

*in the amounts of $40,000 and $395,000 available to him through his employer*) (emphasis added).

In the above cited cases – each with facts very similar to those in the present case – Georgia courts recognized that the beneficiaries named in the divorce decrees held vested interests in the identified life insurance contracts, but only in "the insurance provided by the contract at the time of the entry of the divorce judgment," or in policies that replaced those specifically identified in the decree. Reeves, 223 S.E.2d at 115. For instance, in Reeves, at the time the divorce decree was entered, the deceased's insurance policies (specifically identified in the decree as those then in effect) had a maximum coverage amount of $46,000. Id. at 114. After entry of the decree, that maximum amount was increased. Id. The deceased's children claimed that they were entitled to all of the proceeds from the policies because, as the beneficiaries mandated under the divorce decree, they had a vested interest in the insurance contracts. Id. at 115. The Georgia Supreme Court disagreed. The court found that the children's interest was limited to "the proceeds of the insurance contracts as those contracts existed on the date of the entry of the court decree." Id.

The difficulty in the present case is that the language in the Divorce Decree is too vague for the Court to determine whether it was referring to an existing life insurance contract, or whether it obligated the insured to go out and purchase a new policy. As Brooke Sides notes, the only life insurance Christopher had in place at the time of the decree was an employer-sponsored policy (not yet funded by Unum, but the same plan) which provided coverage in the amount of "1 x annual earnings." (Brooke Sides Br., [36-1] at 21 of 26 n. 6.) Apparently, Christopher's annual earnings did not come close to $250,000. (Brooke Sides Reply, [40] at 3-4 of 15.) Not only is identification of a specific policy missing (e.g., "insurance through the insured's employer," "XYZ policy," or "policy now in effect"), but the amount dictated by the Decree does not match the amount of the only policy in place at the time.

Casey Sides relies on Sparks v. Jackson for the proposition that Georgia courts do impose constructive trusts over life insurance proceeds "regardless of whether . . . the Policy was the exact instrument in effect at the time of the divorce." (Casey Sides Resp., [39] at 2 of 27.) The Court finds, however, that the divorce decree language and the circumstances in Sparks are distinguishable from the present case. In Sparks, the deceased was obligated to "maintain his

7

current level of life insurance on his life through his employment which at the present time is $220,000." 658 S.E.2d at 458. The court in Sparks had no difficulty identifying the policy referenced in the decree because both the source of the policy and the amount were specified. Even though the deceased in Sparks left his employment and took over premium payments on the life insurance policy himself, the court concluded: "there is no issue of material fact as to whether the Policy is the insurance the deceased was obligated to maintain under the terms of the divorce settlement." Id. at 459. The court found, "where a policy of life insurance *replaces a policy or amount specified in such a separation agreement*, the minors' interest in the prior policy applies to the replacement policy." Id. (emphasis added).

      Similarly, in Zobrist v. Bennison, another case cited by Casey Sides, a divorce settlement obligated the deceased to designate his children as beneficiaries of two life insurance policies *available to him through his employer in the amounts of $40,000 and $395,000*. 486 S.E.2d at 816 (emphasis added). When the deceased's employment ended because of disability, he converted the policies into individual policies. Id. Again, the court found, "there is no question that the policies involved here were

8

replacements" for the policies specified in the divorce agreement.  Id. at 817.  So while Casey Sides is correct that Georgia courts do not require the "exact instrument" named in the divorce settlement to be in effect when the insured dies, they do first identify the policy named in the settlement and then determine whether a replacement policy exists.  The first step is still missing here.

Casey Sides runs into the same difficulty on the issue of whether Christopher was permitted to change the names of his beneficiaries under the Policy.

> As a general rule, if the insured names a beneficiary by revocable designation the beneficiary does not acquire a vested right or interest in the policy and the insured may change the beneficiary at will.  However, the insured may forfeit this right if he agrees for valuable consideration not to change the beneficiary.  In the context of a divorce settlement, the terms of a property settlement agreement may preclude the insured from making a change of beneficiary even though he is given this right by the terms of the insurance policy.  Thus, where a divorce decree requires the husband to name his children or his former wife as beneficiaries of his life insurance policy and to keep the policy in force, the children or former wife obtain a vested interest in the policy proceeds.

9

Sparks, 658 S.E.2d at 458-59 (quotations and citations omitted). The issue still turns on whether the children have a vested interest in a particular policy. As Brooke Sides argues, the Divorce Decree does not identify a specific policy and therefore the Court cannot say that Christopher contracted away his right to change the named beneficiaries on *this* Policy.

## Conclusion

Based on the foregoing, the Court will not impose a constructive trust on the Policy proceeds, and Defendant Brooke Sides' Motion for Judgment on the Pleadings [36] is **GRANTED.**

**SO ORDERED**, this 21st day of March, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)