IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, : : : Plaintiff, : : v. : : BROOKE BEDARD SIDES; : CASEY R. SIDES; MICHELLE T. : SMITH as Guardian Ad Litem for : COLLIN QUIN SIDES and : TAYLOR BROOKE SIDES; and : JANE DOE as Administrator of the : Estate of Christopher N. Sides, : Deceased, : : Defendants. : | CIVIL ACTION NO. 1:12-CV-4400-RWS |

## **ORDER**

This interpleader action is before the Court on Defendant Casey R. Sides' Motion for Reconsideration of Order Granting Brook Sides' Motion for Judgment on the Pleadings [42]. After considering the record, the Court enters the following Order.

### **Background**

The pertinent facts in this case are largely undisputed and are set out fully in this Court's Order entered on July 18, 2013 [23]. Unum Life Insurance

Company ("Unum") initiated this interpleader action seeking judicial determination of the proper disposition of life insurance proceeds accruing in connection with the death of Christopher Neil Sides ("Chris Sides"). It identified as potential claimants to such sums Brooke Sides, Chris Sides' then-current wife; Casey Sides, as the parent of Chris Sides' minor children Taylor and Collin Sides; and the decedent's estate, represented here by Jane Doe.

The facts underlying the claimants' competing assertions of entitlement to the life insurance proceeds are as follows: Chris Sides purchased a life insurance policy (the "Policy") from United Distributors, Inc., in 1998. He named his then-wife, Casey Sides, as the primary beneficiary. In 2007, Chris Sides and Casey Sides separated and divorced. As part of the divorce Settlement Agreement, Chris Sides agreed to maintain $250,000 of life insurance naming his minor children as beneficiaries with Casey Sides as trustee.

In 2010, Chris Sides executed a change of beneficiary form and named his then-current wife, Brooke Sides, as the primary beneficiary under the Policy. There were no further changes made to the Policy. Chris Sides died of cardiac arrest in 2012. Since Chris Sides' death, Brooke Sides, Casey Sides,

2

and Michelle Smith, as the Guardian Ad Litem of the minor children, have asserted their entitlement to the life insurance proceeds.

Unum filed this interpleader action on December 20, 2012 as a disinterested stakeholder given the potentially conflicting claims to the benefits under the Policy.[1]  Casey Sides answered and cross-claimed against Brooke Sides on January 22, 2013 [5].  Brooke Sides filed a Motion to Dismiss for Failure to State a Claim on February 22, 2013 [10], which the Court granted in part and denied in part on July 18, 2013 [23].  On August 28, 2013, Brooke Sides moved for judgment on the pleadings [36], which the Court granted on March 21, 2014 [41].

Now Casey Sides, as guardian and best friend for minors Collin Quin Sides and Taylor Brooke Sides (collectively "Casey Sides"), moves the Court to reconsider its Order Granting Brook Sides' Motion for Judgment on the Pleadings [41]  under Local Rule 7.2(E).

## Discussion

### I.  Motion for Reconsideration Legal Standard

---

[1]  The Court granted Unum's motion to deposit $162,778.96 (the principal amount due under the Policy plus interest) into the registry of the Court [46].

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D.Ga. 2000)). Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

4

**II.     Casey Sides' Motion**

The Court finds that Casey Sides' arguments directed at the Court's prior Order do not fall within the limited range of objections that appropriately may be raised in a motion for reconsideration and, in any event, lack merit. First, Bryan allows for reconsideration where there is "newly discovered evidence." 246 F. Supp. 2d at 1258-59. This basis for reconsideration does not apply here because Casey Sides does not allege that any new evidence has come to light. The second avenue for reconsideration under Bryan also does not apply in this case. Casey Sides has not shown any intervening development or change in controlling law. Instead, she asserts that the Court construed existing Georgia law too narrowly. (Def. Casey Sides' Br. in Supp. of Mot. for Recons. ("Def. Casey Sides' Br."), Dkt. [42-1] at 3.)

Casey Sides primarily relies on the third avenue for reconsideration under Bryan, which provides that reconsideration is necessary where there is "a need to correct a clear error of law or fact." 246 F. Supp. 2d at 1259. She claims first that the Court misconstrued Georgia law to find that a divorce decree must specifically identify a particular policy in order for the interest in that policy to be vested. (Def. Casey Sides' Br., Dkt. [42-1] at 3.) Casey Sides next contends

5

that the Court came to factual conclusions not based on evidence in the record. (Id.) She claims that the Court did not construe the facts in her favor, as the Court must construe facts in favor of the non-moving party. At bottom, Casey Sides argues that minor children have a vested interest in any *identifiable* insurance policy that is subject to a settlement agreement incorporated into a divorce decree, and the Policy is identifiable based on the settlement agreement. (Id. at 4.) This is simply a restatement of the arguments previously presented to this Court, which the Court has already considered and found to be unavailing. This argument does not warrant reconsideration of the Court's March Order.

First, Casey Sides had ample opportunity to raise her arguments before the Court in her brief in opposition to Defendant Brooke Sides' Motion for Judgment on the pleadings. Motions for reconsideration may not be used to assert new arguments that could have been raised at an earlier stage of the litigation. Adler, 202 F.R.D. at 675 (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.1992)). In any event, the Court finds her argument that a constructive trust should be imposed on the proceeds of the Policy, because it is identifiable as an insurance policy mentioned in the settlement agreement, to be without merit.

6

AO 72A
(Rev.8/82)

This Court again finds that in order to impose a constructive trust on the proceeds of an insurance policy, the party seeking the trust must have a vested interest in the policy.  And in order for that interest to vest by divorce decree, Georgia law requires that the policy be identified in the decree.  See Reeves v. Reeves, 236 Ga. 209, 212 (1976).   As discussed below, the decree here did not identify the Policy at issue.

Casey Sides argues that the divorce decree unambiguously identified the insurance policy that preceded the Policy.  (Def. Casey Sides' Br., Dkt. [42-1] at 13-15.)  The Court determined in its March Order that the decree did not identify a specific insurance policy, and is not persuaded that it clearly erred in that determination. The Court again finds the present case to be easily distinguishable from other cases in which the Georgia courts found designated policies.  The Court addressed a number of such cases in its March 21 Order. See Dkt. [41] at 5-6, citing Reeves v. Reeves, 223 S.E.2d 112 (Ga. 1976) ("The husband shall also continue to maintain in full force and effect *the life insurance policies upon his life now in effect . . .*") (emphasis added); Curtis v. Curtis, 255 S.E.2d 693 (Ga. 1979) (father and mother agree to list children as beneficiaries "on all *life insurance policies they have in effect and force at the*

7

*time* of the execution of this instrument, *including [specific named policies] . . .*") (emphasis added); Larson v. Larson, 173 S.E.2d 700 (Ga. 1970) ("Husband shall . . . keep in force at least $15,000.00 face value of life insurance on his own life and pursuant thereto *shall keep in force and pay the premiums . . . on Certificate No. 11, Group Policy G-3274 with the Union Central Life Insurance Company of Cincinnati, Ohio, and shall make the wife the irrevocable beneficiary of at least $15,000.00 under said policy . . .*") (emphasis added); Sparks v. Jackson, 658 S.E.2d 456 (Ga. Ct. App. 2008) ("Husband agrees to maintain *his current level of life insurance* on his life *through his employment which at the present time is $220,000.00*, with Wife being named as the irrevocable beneficiary for the benefit of the children . . .") (emphasis added); Zobrist v. Bennison, 486 S.E.2d 815 (Ga. 1997) (divorce decree required husband to designate his children as beneficiaries of two life insurance policies *in the amounts of $40,000 and $395,000 available to him through his employer*) (emphasis added).

      Casey Sides calls three more cases to the Court's attention. This is both improper under the grounds for reconsideration set forth in Bryan and unavailing, as the cases are distinguishable from the case at bar. For example,

8

Casey Sides relies on Reeves v. Reeves, a case cited in the Court's March 21 Order, where the divorce decree incorporated a settlement agreement that required the husband to "*continue to maintain* in full force and effect the life insurance policies upon his life *now in effect*." 236 Ga. 209, 210 (1976) (emphasis added). "[M]otions for reconsideration may not be used ... to test whether the court will change its mind," Bryan, 246 F. Supp. 2d at 1259, and the Court, as noted above and in its March 21 Order, finds that the language used in the Reeves decree specifically identified the policy, whereas the language here does not.

Next, Casey Sides relies on Dodson v. Ward, 171 Ga. App. 469 (1984), to argue that the trial court in that case found that "his life insurance policies" was a sufficient designation and so the language here should also suffice to designate the Policy. (Def. Casey Sides' Br., Dkt. [42-1] at 6.)  But the Court of Appeals found that, in contrast to the agreement in Reeves,  "[t]he agreement at issue in the present case, on the other hand, is ambiguous as to which life insurance policies it purports to encompass." Dodson, 171 Ga. App. at 470.  As such, even if it were permissible on a motion for reconsideration to set forth arguments based on pre-existing case law that could have been raised earlier,

9

Dodson supports the Court's conclusion that the language in the Sides' divorce decree does not unambiguously identify the Policy.

Finally, Casey Sides suggests that In re Estate of David Belcher allows a court to direct life insurance proceeds according to the terms of a divorce decree rather than to the beneficiary named in the policy. 299 Ga. App. 432 (2009). But in that case, too, the divorce agreement identified the policies at issue: "[t]he Husband *presently has several life insurance policies with the Wife named as beneficiary*, and he agrees to continue *these life insurance policies in force* with the Wife named as beneficiary, and to pay the premiums therefor until either party dies." Id. at 434. In contrast, here the agreement does not state that the required policy was in existence at the time of the decree. Casey Sides argues that the language in the agreement requiring Chris Sides to "maintain" life insurance necessarily means that the policy must have already been in existence. (Def. Casey Sides' Br., Dkt. [42-1] at 14 (citing the definition of 'maintain' to mean "to keep in an existing state; preserve from failure or decline"). ) The Court does not read the agreement to be so constrictive. First, the relevant language in the agreement states that the parties "shall maintain" life insurance, imposing a future and on-going obligation. See

10

Authentic Architectural Millworks, Inc. v. SCM Grp. USA, Inc., 262 Ga. App. 826, 829 (2003) (finding that a clause addressed future action "with its 'shall be' language"). Accordingly, the agreement obligated Chris Sides at all times after entering into the agreement to hold a life insurance policy that named his minor children as the beneficiaries. But this agreement did not require the life insurance policy to be the Policy at issue. Casey Sides has not convinced the Court that it committed clear error in making this determination in its March 21 Order, and as such her Motion for Reconsideration is **DENIED**.

The Court recognizes that the minor children in this action have suffered the loss of their father and that they had an expectation that he would provide for them through an insurance policy on his life. The Court is not unsympathetic to the consequences of this decision. But based on the Court's understanding of the applicable law, the Court is not authorized to impose a constructive trust on the proceeds of the Policy.

## CONCLUSION

Other than mere disagreement with the ultimate result, Defendant Casey Sides offers no valid basis for reconsidering the Court's previous ruling in this case. Based on the foregoing, Defendant Casey R. Sides' Motion for

Reconsideration of Order Granting Brooke Sides' Motion for Judgment on the Pleadings [42] is **DENIED**.

**SO ORDERED**, this  13th  day of November, 2014.

_____
**RICHARD W. STORY**
United States District Judge